# WILLIAM T. HEWITT
## v.
# WILLIAM WALKER.

CONTRACT—FAILURE OF CONSIDERATION—DAMAGES.—Appel'ee rented a pasture of appellant, which appellant agreed to enclose with a sufficient fence. The evidence tended to show that appellant neglected to build a proper fence, and also deprived appellee of certain water privileges. *Held*, while the evidence tended to show that appellant had broken his contract, yet it came far short of proving that the appellee had sustained damages by reason of such breach to the extent allowed by the jury; that only such damages should have been given as were the natural and proximate consequence of the act complained of. The damages were excessive, and not warranted by the evidence, and a new trial should have been allowed.

APPEAL from the Circuit Court of Christian county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. W. M. PROVINE and Mr. JOHN B. JONES, for appellant; that if plaintiff by ordinary care could have avoided the consequences of the defendant's neglect, and failed to exercise such care, he cannot recover, cited C. & A. R. R. Co. v. Becker, Adm'r, 76 Ill. 25; Dobbins v. Du Quid et al. 65 Ill. 464.

Damages to be recovered must be the natural and proximate consequence of the act complained of: Olmstead v. Burke, 25 Ill. 86; Vedders v. Hildreth, 2 Wis. 427; Fent v. T. P. & W. R'y Co. 59 Ill. 349; T. W. & W. R. R. Co. v. Muthersbaugh, 71 Ill. 572; Caldwell v. Evans, Sup. Ct. Ill. 1877; Phillips v. Dickerson, Sup. Ct. Ill. 1877; Pittsburgh & Connellsville R. R. Co. v. McClurg, 56 Pa. St. 294; Penn. R. R. Co. v. Zebe, 9 Casey, 318.

Messrs. McCASKILL & BRO., for appellee; that appellant must be held liable for all damages growing out of a breach of his contract, cited Haven et al. v. Wakefield et al. 39 Ill. 509; Sedgwick on Damages, 81, 127; Ward v. C. & R. I. R. R. Co. 16 Ill. 522; Becker v. C. & A. R. R. Co. 76 Ill. 25; 2 Moak's English Rep. 601; 2 Greenleaf's Ev. 275.

Hewitt v. Walker.

Appellee was deprived of the use of the springs on the land, and if a tenant is evicted from a portion of the premises, he is under no obligation to pay rent for the balance, although he continues to enjoy it: Anderson v. Chicago M. & F. Ins. Co. 21 Ill. 604.

DAVIS, J. This was an action of *assumpsit*, brought by appellant against appellee, to recover the amount of a promissory note for $375, dated 19th March, 1874, due seven months after date, with interest after maturity at ten per cent. per annum.

The appellee filed two pleas, one of which set up the defense of a partial failure of consideration, and the other that of a total failure. To these pleas replications were filed and issue joined thereon.

On the trial the jury found a verdict for the appellee for $11. A motion was made by appellant for a new trial, whereupon the appellee remitted the $11, and the motion was overruled by the court, and a judgment for appellee against appellant was rendered. To reverse this judgment this appeal was taken.

Among the errors assigned by the appellant are, that the court below erred in overruling appellant's motion for a new trial, and in rendering a judgment against him in favor of appellee.

From the evidence, it appears that in the spring of 1874 appellant rented to appellee and one Samuel Cully, 200 acres of land for a pasture, for which appellee executed the note sued on, and Cully gave his note also to appellant for $225.

The evidence tended to show that appellant agreed to make a fence around the tract sufficient to turn stock; that the fence was in a bad condition and was to be repaired by the first of April; that appellant put in the pasture about 115 head of cattle, and Cully, 67. The proof also tended to show that the appellant failed to make the fence sufficient to turn stock, and that, in consequence of such failure, the cattle of appellee broke out of the pasture repeatedly and roamed about the country to their injury. It also tended to show that appellee was deprived of the water upon the premises for the use of his

cattle by the action of appellant, and that by reason of the failure of appellant to repair the fence around the premises, and his action in depriving him of the water for the use of his cattle, the appellee removed them from the pasture before the expiration of his term of renting.

But while all the evidence offered tended to show that the contract was broken by appellant, yet it came far short of showing that the appellee had sustained damages by reason of such breach to the extent allowed by the jury.

Only such damages should have been given as were the natural and proximate consequence of the act complained of. Shugart v. Egan, 83 Ill. 56.

The damages allowed by the jury were excessive, and not justified by the evidence. The court below should, for that reason, have sustained the appellant's motion for a new trial. Not having done so, the judgment must be reversed.

Reversed and remanded.